IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HUGHES, | : | |
| Plaintiff | : | 3:14-cv-2233 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| LISA K. BARR, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I.   Introduction and Procedural History

Plaintiff, Michael Hughes, an inmate currently confined at the State Correctional

Institution in Coal Township, Pennsylvania, ("SCI-Coal Township"), initiated this action

pursuant to 42 U.S.C. § 1983. (Doc. 1). The named Defendants are Lisa K. Barr, hearing

examiner; Robin M. Lewis, chief hearing examiner; Novallis, correctional officer at SCI-Coal

Township; Krzyknowski, lieutenant at SCI-Coal Township; and Simon, lieutenant at SCI-

Coal Township. (*Id.* at pp. 2, 5).

Plaintiff challenges his placement in the restricted housing unit, ("RHU"), and claims

that he was illegally sentenced to sixteen (16) months in the RHU by hearing examiner Barr.

(*Id.* at pp. 2-3, 7-8). Plaintiff further alleges that the Defendants violated his constitutional

rights under the Fifth, Eighth, and Fourteenth Amendments. (*Id.* at p. 8).

On February 6, 2015, Defendants filed the instant motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6). (Doc. 17). Subsequently, on February 19, 2015,

Defendants filed a supporting brief. (Doc. 18).

By Order dated March 6, 2015, Plaintiff was granted an extension of time to file a brief in opposition to the motion to dismiss. (Doc. 21). To date, Plaintiff has not filed a brief in opposition. Accordingly, the motion will be deemed ripe for disposition and, for the reasons set forth below, will be granted.

## II.   Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

2

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

3

*Id.*

## III.   **Allegations in the Complaint**

### A.   *Allegations Regarding the June 5, 2012 RHU Sentence*

Plaintiff alleges that on June 5, 2012, he was "illegally sentenced" to sixteen (16) months in the restricted housing unit by Defendant Barr. (Doc. 1, p. 2). Plaintiff states that Defendant Barr did not possess a valid notary commission license and surety bond, which he claims are required to perform misconduct hearings. (*Id.* at pp. 2, 7). Plaintiff claims that while he was in the RHU, he requested, via the internet, "a notary commission and or certificates of duty and authorization to preform [sic] administrative misconduct hearings as a hearing examiner." (*Id.* at pp. 2-3). He states that on July 27, 2012, hearing examiner Zachary Moslak "gave an attestation of nonexistence of records" and explained that the requested records did not exist. (*Id.* at pp. 3, 9); *see also* (Doc. 1, p. 9, "Agency Attestation of Nonexistence of Records" from Zachary Moslak dated July 27, 2012 ).

Plaintiff alleges that Defendant Lewis is the chief hearing examiner and, in her capacity as chief, is Defendant Barr's superior. (*Id.* at pp. 3, 7). Plaintiff claims that Defendant Lewis was therefore responsible for ensuring that Defendant Barr possessed the requisite notary commission and surety bond. (*Id.*). Plaintiff submitted a letter from Defendant Lewis addressing his request to have the misconduct reports authored by Defendant Barr expunged from his records for being "illegal and void" because Defendant

4

Barr did "not possess a valid notary commission license" and did "not meet the mandatory minimum experience and training standards to be a Hearing Examiner." (*Id.* at p. 10).  In the letter, Defendant Lewis explained that "Hearing Examiner Lisa Kerns-Barr has been deemed by the Pennsylvania State Civil Service Commission to possess the minimum training and experience necessary for the position [of hearing examiner]". (*Id.* at p. 11).  Defendant Lewis further explained that the Department of Corrections does not set the standard requirements for the position of hearing examiner. (*Id.* at p. 10).  Defendant Lewis therefore denied all of Plaintiff's requests to have his misconduct reports expunged. (*Id.* at p. 11).

Also attached to the complaint is a copy of the job description and requirements for the position of corrections hearing examiner. (*Id.* at pp. 14-17).

B.     *Allegations Regarding the December 13, 2012 Feces Assault*

Plaintiff next alleges that on December 13, 2012, another inmate assaulted him with feces while he was in an exercise pen in the RHU. (*Id.* at p. 7).  Plaintiff claims that, prior to the incident, he informed Defendants Novallis, Krzyknowski, and Simon of the risk that the inmate would assault him with feces. (*Id.*).  Plaintiff alleges that when he was escorted to the yard on December 13, 2012, he asked Defendant Simon to deny him yard, take him back to his cell, or be moved to a different exercise pen, but the officers ignored his requests and escorted him to the yard where the inmate assaulted him with feces and he

5

"suffered humiliation and fear." (*Id.* at pp. 7-8). Plaintiff claims that the Defendant officers were aware of this inmate's tendency to assault others with feces, but nevertheless placed him in a cage with the inmate. (*Id.* at p. 8).

Based on Defendant Barr's "illegal sanctioning", Defendant Lewis' "gross display of negligence and blatant indifference", and the Defendant officers' "deliberat[e] indifference", Plaintiff alleges that he "suffered a[n] atypical and significant hardship, an assault, anxiety, hysteria, psychological, emotional and mental injury." (*Id.*). He further alleges that Defendants violated his due process rights under the Fifth and Fourteenth Amendments, and his right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id.*). For relief, Plaintiff seeks compensatory and punitive damages, as well as costs. (*Id.* at p. 3).

## IV.   Discussion

### A.   *Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six (6) factors

6

include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing a brief in opposition to Defendants' motion. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions.").

Second, Defendants are prejudiced by Plaintiff's inaction because they "cannot defend an action that Plaintiff[] do[es] not pursue." *Taliaferro v. Darby Twp. Zoning Bd.*, 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)).

Third, Plaintiff appears to have history of dilatoriness.  The instant motion to dismiss was filed more than four (4) months ago.  On March 6, 2015, this Court entered an Order, (Doc. 21), granting Plaintiff additional time to respond to Defendants' motion, however he has nevertheless failed to file an opposition brief. *See Binkley v. Rendell*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (concluding that the plaintiff's dilatoriness of less than one

7

month in filing a brief in opposition outweighed any of the other considerations set forth in *Poulis*).

Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendants' motion is willful. *See Crouse v. W. Leb. Twp.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion*, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Lastly, for the reasons discussed below, it is unlikely that Plaintiff's claims will succeed against Defendants. *See Seeley ex rel. Shepard v. Derr*, 2014 WL 1024861, *4 (M.D. Pa. 2014) (regarding the sixth *Poulis* factor, the Court stated, "it may well be that this claim was both untimely filed, and then untimely pursued, yet another factor which weighs in favor of dismissal of this action under *Poulis*").

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for

failure to prosecute. Regardless, for the following reasons, this Court finds that Defendants' motion to dismiss should be granted.

B.     *Official Capacity Claims*

The Eleventh Amendment provides that each state is a sovereign entity and a sovereign is not amenable to suit unless it consents. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *see also Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The Commonwealth of Pennsylvania has expressly withheld its consent to be sued. *See Lavia v. Pa., Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); *Williard v. Pennsylvania*, 1996 U.S. Dist. LEXIS 8407, 8420 (E.D. Pa. 1996) (stating it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens"). Further, claims against state officials in their official capacities are suits against the state and thereby barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Plaintiff is suing five employees of the Pennsylvania Department of Corrections. To the extent that Plaintiff is suing the Defendants in their official capacities, Defendants enjoy

Eleventh Amendment immunity from suit for acts taken in their official capacities, and any official capacity claims will be dismissed. *See* (Doc. 1, p. 1) (stating that each Defendant is sued in their official and individual capacities).

C.   *Failure to Allege the Personal Involvement of Defendant Lewis*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. ... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *See also Mitchell v. Beard*, 492 Fed. Appx. 230, 235 (3d Cir. 2012) (finding that the prisoner's allegations against four of the DOC defendants "that they are liable for improperly supervising those directly responsible for his injuries" were insufficient to state a claim).

The only allegation against Defendant Lewis is that she was Defendant Barr's "superior" and therefore responsible for ensuring that Defendant Barr possessed a notary commission and surety bond. (Doc. 1, pp. 3, 7). Plaintiff sets forth no additional allegations

against Defendant Lewis and the complaint contains no allegations of personal involvement of Defendant Lewis. Accordingly, any and all claims against Defendant Lewis will be dismissed.

D.     *Fifth Amendment Due Process Claim*

"[T]he due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials." *Caldwell v. Beard*, 324 Fed. Appx. 186, 189 (3d Cir. 2009); *Postie v. Frederick*, 2015 WL 1219263, *4 (M.D. Pa. 2015) (Mannion, J.). In the instant action, Plaintiff sets forth claims against state officials pursuant to 42 U.S.C. § 1983. (Doc. 1). All of the named Defendants are employees of the Pennsylvania Department of Corrections, and the Pennsylvania Department of Corrections is a state agency. *See Pettaway v. SCI Albion*, 487 Fed. Appx. 766, 768 (3d Cir. 2012). Plaintiff does not set forth any allegations against the Federal government or Federal officials. Therefore, because the due process clause of the Fifth Amendment does not apply to state officials, Plaintiff's Fifth Amendment claim will be dismissed.

E.     *Fourteenth Amendment Due Process Claim*

The Fourteenth Amendment of the United States Constitution provides, in pertinent part, "[n]o State shall. . .deprive any person of life, liberty, or property, without due process of law. . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: (1) "whether the asserted individual interests are encompassed within the . .

11

. protection of 'life, liberty or property[,];" and (2) "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Thomas v. Norris*, 2006 WL 2590488, *5 (M.D. Pa. 2006) (Kosik, J.).  Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. *Meachum v. Fano*, 427 U.S. 215, 223-26, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Layton v. Beyer*, 953 F.2d 839, 845 (3d Cir. 1992).  Due process requirements apply only when the prison officials' actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Conversely, there can be no due process violation where there is no protected liberty interest.

In *Sandin*, the Supreme Court stated that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. *Sandin*, 515 U.S. at 485.  The Third Circuit Court of Appeals relying on the *Sandin* principles has found no merit in due process claims presented regarding short term institutional disciplinary custody placement.  *See Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002) (because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months of disciplinary

confinement did not implicate liberty interest).

In *Diaz v. Canino*, 502 Fed. Appx. 214 (3d Cir. 2012), the Third Circuit Court of Appeals stated that the sanctions resulting from prison disciplinary hearings do not affect a protected liberty interest unless the sanction imposes an atypical and significant hardship on the inmate. The *Diaz* court concluded that a 360 day term of disciplinary confinement did not implicate a protected liberty interest. The court further stated that, "[w]hen bringing a § 1983 suit based on a violation of [the Fourteenth] Amendment, plaintiffs must identify or allege the deprived protected interest.... Without the presence of a protected interest, a § 1983 due process claim simply cannot stand." *Id.* at 217 (citing *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989)). *See also Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (fifteen months of administrative segregation was not an atypical and significant hardship, and the inmate's "commitment to and confinement in administrative custody did not deprive him of a liberty interest and [] he was not entitled to procedural due process protection").

In the instant action, Plaintiff alleges that all Defendants violated his Fourteenth Amendment right to due process. (Doc. 1, p. 8). However, Plaintiff has not identified or alleged that he was deprived of any protected liberty interest. Plaintiff simply states that the RHU sentence imposed by Defendant Barr was "illegal" because she did not possess "the mandatory notary commission and surety bond necessary for fulfilling the duties of her occupation." (*Id.* at p. 7). Plaintiff provided no authority for his claim that a notary

13

commission or surety bond is a requirement for a hearing examiner.[1] Notably, Plaintiff submitted a letter from Defendant Lewis explaining that Defendant Barr does in fact possess the minimum training and experience necessary to hold the position of hearing examiner. (*Id.* at p. 11). To the extent that Plaintiff alleges his due process rights were violated based on placement in the RHU, as stated above, the Third Circuit Courts have consistently held that "a prisoner has no liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities." *Ford v. Bureau of Prisons*, 570 Fed. Appx. 246, 251 (3d Cir. 2014). As to Defendants Novallis, Krzyknowski, and Simon, Plaintiff sets forth no allegations against them related the Fourteenth Amendment Due Process Clause. Since there is no claim by Plaintiff that he was deprived of any protected liberty interest, a viable due process claim has not been set forth. Accordingly, Defendants' motion to dismiss the Fourteenth Amendment Due Process Claim will be granted.

F.    *Eighth Amendment Cruel and Unusual Punishment Claim*

"The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417

---

[1]    To the extent that Plaintiff attempts to rely on the Uniform Acknowledgment Act ("UAA"), 21 P.S. §§ 291.1-291.13, the Court notes that this statute is not applicable to the claims in the instant action. (Doc. 1, pp. 12-13). In Pennsylvania, the UAA governs acknowledgments of written instruments and has no relation to the job requirements for a corrections hearing examiner.

(3d Cir. 2000) (footnote omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and (2) the prison official acts with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Fortune v. Hamberger*, 379 Fed. Appx. 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety"). Under the first element, a "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard an excessive risk to inmate health or safety; (2) be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference. *Id.* at 837. The subjective element "entails something more than mere negligence." *Id.* at 835. Additionally, courts have recognized that the Eighth Amendment's prohibition against cruel and unusual punishment includes an inmate's right to be protected from the assaultive conduct of other inmates. *See Porter v. Selsky*, 287 F.Supp.2d 180, 185 (W.D.N.Y. 2003) (citing *Farmer*, 511 U.S. at 833).

In the present matter, Plaintiff generally alleges that all Defendants violated his

Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 1, p. 8).

As to Defendant Barr, Plaintiff presumably alleges that the RHU sentence imposed by Barr amounted to cruel and unusual punishment because she did not possess a notary commission and surety bond. As previously discussed, Plaintiff provided no evidence or authority to establish that a notary commission and surety bond is a requirement for a hearing examiner position. Moreover, the Third Circuit Court of Appeals has held that prolonged confinement in administrative custody is not cruel and unusual punishment in violation of the Eighth Amendment. *See Griffin*, 112 F.3d at 709 (stating that the restrictive conditions in administrative custody, in and of themselves, do not violate the Eighth Amendment); *Okey v. Strebig*, 2012 WL 5439042, *4-5 (M.D. Pa. 2012) (Rambo, J.), *aff'd*, 531 Fed. Appx. 212 (3d Cir. 2013) ("placement of Pennsylvania inmates in the [DOC]'s Restricted Housing Unit ('RHU') or Special Management Unit ('SMU') does not implicate their liberty interests"). Further, an inmate placed in administrative custody pursuant to a legitimate penological reason could "be required to remain there as long as that need continues." *Griffin*, 112 F.3d at 709.

As to Defendants Novallis, Krzyknowski, and Simon, Plaintiff appears to allege that the throwing of feces by another inmate amounted to cruel and unusual punishment prohibited by the Eighth Amendment. In *Dockery*, the court determined, *inter alia*, that "a single incident involving an inmate throwing feces at [plaintiff]" was insufficient to establish

16

an Eighth Amendment claim. *Dockery v. Legget*, 2012 WL 2872554, *20 (W.D. Pa. 2012),

*adopted by*, 2012 WL 2872106, *aff'd sub nom.*, *Dockery v. Beard*, 509 Fed. Appx. 107 (3d

Cir. 2013).  *See also Hill v. Walk*, 2011 WL 1233198 (D. Utah 2011) (granting defendants'

motion for summary judgment and finding that defendants were not deliberately indifferent

to Plaintiff's health and safety by allegedly allowing other inmates to throw urine and feces

at him).  Additionally, although "prison officials have a duty to protect inmates from violence

... at the hands of other inmates," an inmate's constitutional right to protection is only

violated where the failure is "sufficiently serious" and the official has acted with "deliberate

indifference." *Farmer*, 511 U.S. at 834.

In the instant matter, Plaintiff's allegation of a single incident of an inmate throwing

feces at him is insufficient to state an Eighth Amendment claim.  The prison conditions

complained of here are not objectively, sufficiently serious to raise an Eighth Amendment

issue, and the conditions did not "result in the denial of the minimal civilized measure of

life's necessities." *Farmer*, 511 U.S. at 834.  Moreover, Plaintiff has not alleged that he was

subjected to repeated harassment by other inmates and, at the most, he has alleged only a

*de minimis* injury. *See Neason v. Bienko*, 2012 WL 4760891, *8 (W.D.N.Y. 2012) (finding

that the inmate failed to establish an Eighth Amendment claim and stating that, "with regard

to the incident of feces-throwing by another inmate, such incidents unfortunately are a

regular part of prison life").

17

In light of the foregoing, Defendants' motion to dismiss the Eighth Amendment claim will be granted.

G.    *Statute of Limitations Regarding the June 5, 2012 RHU Sentence*

"A statute of limitations defense may serve as the basis for a Rule 12(b)(6) motion 'where the complaint facially shows noncompliance with the limitations period.'" *McSpadden v. Wolfe*, 2008 WL 910010, \*4 (E.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)).   It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions.   *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996).   In Pennsylvania, the statute of limitations for a personal injury action is two years.   *See* 42 Pa. C.S. § 5524.

However, the date when a cause of action accrues is still a question of federal law. *Smith v. Wambaugh*, 887 F.Supp. 752, 755 (M.D. Pa. 1995).   Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run, when the plaintiff "knew or should have known of the injury upon which [the] action is based."   *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).   The limitations period begins to run if a plaintiff has sufficient notice to place him on alert of the need to begin investigating.   *Gordon v. Lowell*, 95 F. Supp. 2d 264, 272 (E.D. Pa. 2000).   Under *Gordon*, a "claim accrues upon knowledge of the actual injury, not that the injury constitutes

18

a legal wrong." *Id.*

The instant complaint alleges that "[o]n 6-5-12, [the plaintiff] was illegally sentenced to 16 months in the RHU by hearing examiner Lisa K. Barr." (Doc. 1, p. 2). Plaintiff claims that the sentence was "illegal" because Defendant Barr did not possess the mandatory notary commission and surety bond to perform her job as a hearing examiner. (*Id.* at pp. 2, 7). Plaintiff therefore requested a copy of Defendant Barr's notary commission and certificates of duty. In response to Plaintiff's request, he received an "Agency Attestation of Nonexistence of Records" from hearing examiner Moslak, dated July 27, 2012. (Doc. 1, p. 9). Thus, as of July 27, 2012, Plaintiff knew that Defendant Barr did not have a notary commission or certificates of duty. Plaintiff plainly was on notice of the alleged violation of his rights, at the very latest, in July 2012. However, Plaintiff's complaint was not filed until November 2014, more than two (2) years after the alleged incident. Accordingly, Plaintiff's claims regarding the June 2012 RHU sentence are time-barred and will be dismissed.

*H.    Qualified Immunity*

Defendants assert that they are entitled to qualified immunity because Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights were not violated. (Doc. 18, pp. 25-27). Defendants further argue that their conduct did not violate any clearly established constitutional rights of which a reasonable person would have known. (*Id.*)

Qualified immunity provides not merely a "defense to liability," but rather, "immunity

19

from suit." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985)).  It is therefore important to "resolv[e] immunity questions at the

earliest possible stage in the litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)

(quoting *Hunter*, 502 U.S. at 227).  Certain officials performing "discretionary functions," are

shielded from suit if their conduct did not violate a "clearly established statutory or

constitutional right[ ] of which a reasonable person would have known." *Pearson*, 555 U.S.

at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Wilson v. Layne*,

526 U.S. 603, 609 (1999).  Also, if an official reasonably believes his conduct to be lawful,

he is protected by qualified immunity, which affords "ample room for mistaken judgments by

protecting all but the plainly incompetent or those who knowingly violate the law." *Kelly v.

Borough of Carlisle*, 622 F.3d 248, 254 (3d Cir. 2010) (quoting *Hunter*, 502 U.S. at 229).

 Application of qualified immunity implicates two distinct inquiries.  The first inquiry

evaluates whether the defendant violated a constitutional right.  *Saucier v. Katz*, 533 U.S.

194, 201-02 (2001), *abrogated in part by Pearson*, 555 U.S. 223; *Curley v. Klem*, 499 F.3d

199, 206 (3d Cir. 2007); *Williams v. Bitner*, 455 F.3d 186, 190 (3d Cir. 2006).  If the plaintiff

fails to put forth evidence that the defendant committed a constitutional infraction, then the

court must dispose of the claim in the defendant's favor.  *Saucier*, 533 U.S. at 201; *see also

Wilson*, 526 U.S. at 609.  However, if the evidence shows that the defendant committed a

constitutional violation, the second inquiry assesses whether the right in question was

"clearly established" at the time the defendant acted. *Pearson*, 555 U.S. at 231-32; *Saucier*, 533 U.S. 201-02. A right is "clearly established" if a reasonable actor under the circumstances would have known that his or her conduct impinged upon constitutional mandates. *Pearson*, 555 U.S. 223; *Williams*, 455 F.3d at 191. Hence, a defendant may not invoke qualified immunity if the defendant's conduct diverges from that of a reasonable actor under the circumstances. *Williams*, 455 F.3d at 191. The court is not required to conduct these inquiries sequentially. *Pearson*, 555 U.S. at 240. The court may eschew difficult constitutional issues and award qualified immunity to a defendant if it is apparent that the defendant did not violate rights that were clearly established at the time the defendant acted. *Id.*

As explained in this Memorandum, Plaintiff has failed to establish any constitutional violations. Therefore, all Defendants are protected by qualified immunity.

## V.   Conclusion

Despite being granted additional time to file a brief in opposition to Defendants' motion to dismiss, Plaintiff failed to file an opposition brief. Defendants' motion is therefore deemed unopposed.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. Upon thorough review, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to

prosecute.  However, this Court has also considered Defendants' arguments and finds that

the motion to dismiss should be granted.

An appropriate Order follows.


Dated: June __12__, 2015

Robert D. Mariani
United States District Judge